**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VANTAGE MICRO LLC, § | |
| § | |
| Plaintiff, § | |
| § | W-19-CV-00581-ADA |
| vs. § | |
| § | JURY TRIAL DEMANDED |
| MICROCHIP TECHNOLOGY INC., § | |
| § | |
| Defendant. § | |
| § | |

**DEFENDANT MICROCHIP TECHNOLOGY INC.'S
<u>MOTION FOR ATTORNEY FEES AND COSTS</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY ................................................................................... 1
II. BACKGROUND AND PROCEDURAL HISTORY ............................................................ 2
III. LEGAL STANDARD ........................................................................................................... 5
IV. ARGUMENT ......................................................................................................................... 6
   A. Vantage Litigated This Case in an Unreasonable Manner................................................... 6
   B. Vantage Filed Lawsuits to Force Nuisance Settlements with No Intention
       of Testing the Merits of Its Baseless Claims .................................................................. 8
   C. Vantage Failed to Conduct an Adequate Pre-suit Investigation ......................................... 9
V. CONCLUSION..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Statutes**

35 U.S.C. § 285 ................................................................................................................... passim

**Cases**

*Bayer CropScience AG v. Dow AgroSciences LLC*,
   851 F.3d 1302 (Fed. Cir. 2017) ............................................................................... 1, 9, 10

*Blackbird Tech LLC v. Health In Motion LLC*,
   944 F.3d 910 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 2765 (2020) ........................... 9

*Motiva Patents, LLC v. Sony Corp.*,
   408 F. Supp. 3d 819 (E.D. Tex. 2019) ............................................................................ 1, 8

*My Health, Inc. v. ALR Techs., Inc.*,
   2017 WL 6512221 (E.D. Tex. Decl. 19, 2017) .............................................................. 1, 8, 9

*Octane Fitness, LLC v. ICON Health and Fitness, Inc.*,
   572 U.S. 545 (2014) ............................................................................................... 1, 5, 6

*SFA Sys., LLC v. Newegg Inc.*,
   793 F.3d 1344 (Fed. Cir. 2015) ........................................................................................ 1, 9

*Thermolife Int'l LLC v. GNC Corp.*,
   922 F.3d 1347 (Fed. Cir. 2019) .......................................................................................... 10

*WPEM, LLC v. SOTI Inc.*,
   2020 WL 555545 (E.D. Tex. Feb. 4, 2020) ....................................................................... 10

I.      INTRODUCTION AND SUMMARY

Defendant Microchip respectfully moves the Court to award attorney fees under 35 U.S.C. § 285. Microchip is the prevailing party in this case related to two now-expired patents Plaintiff Vantage obtained and asserted in numerous nuisance value lawsuits just weeks before the patents expired. Microchip prevailed on Vantage's claims related to U.S. Patent No. 7,414,606 ("the '606 patent") when the Court entered judgment of invalidity of claims 4–15 of that patent. Dkt. 66. Microchip prevailed on Vantage's claims related to U.S. Patent No. 6,546,508 ("the '508 patent") when Vantage voluntarily dismissed those infringement claims with prejudice. Dkt. 54.

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health and Fitness, Inc.*, 572 U.S. 545, 554 (2014). Courts in Texas and the Federal Circuit have identified circumstances that render a case exceptional under § 285: (1) plaintiff filing multiple nuisance value cases with no intent to test the merits (*SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015)); (2) plaintiff failing to perform an adequate pre-filing investigation (*Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017)); (3) unreasonable litigation tactics that drive up attorney fees (*Octane Fitness*, 572 U.S. at 554); (4) misrepresenting the parties' agreement to the court (*My Health, Inc. v. ALR Techs., Inc.*, 2017 WL 6512221, at *6 (E.D. Tex. Decl. 19, 2017)); and (5) making unsupported threats of sanctions (*Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 839 (E.D. Tex. 2019)).

Over the course of this short-lived lawsuit, Plaintiff Vantage engaged in not just one—but all—of the above exceptional behaviors. As a result of Vantage's unreasonable litigation conduct, Microchip was forced to spend over $267K in attorney fees to defend this lawsuit after disclosing

1

only $3.1 million in sales of specifically accused products on July 16, 2020. Banner Decl. ¶ 20. *Only after* Microchip spent hundreds of thousands of dollars and Vantage was faced with an adverse preliminary claim construction ruling did Vantage concede the "the underlying economics, ***including potential damages***, no longer made sense for this litigation to continue." Ex. H.

As discussed in more detail below, Vantage's behavior renders this case exceptional under § 285, and Microchip seeks compensation for fees incurred as a direct result of Vantage's careless and unreasonable litigation tactics. A table of fees is provided. Banner Decl. ¶ 21.

## II. BACKGROUND AND PROCEDURAL HISTORY

Vantage sued Microchip on October 8, 2019, asserting infringement of two patents it purportedly acquired from AMD—*i.e.*, the '508 patent and the '606 patent. *See* Dkt. 1. Microchip filed counterclaims of invalidity and non-infringement for both patents and also requested "[a] judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Vantage Micro its reasonable attorneys' fees." Dkt. 14 at 9–13.

Vantage served infringement contentions on May 22, 2020, which largely tracked the allegations in Vantage's First Amended Complaint. Dkt. 16; Ex. A. On July 8, without any sales information from Microchip, Vantage offered to settle the case for $1.25M. Banner Decl. ¶ 23. On July 16, 2020, Microchip served invalidity contentions and disclosed approximately $3.1 million in total sales over the entire damage window (*i.e.*, six years) for products Vantage specifically accused of infringement. Ex. B. The parties filed opening claim construction briefs on September 3, 2020. Dkts. 48, 49. Two days before the September 24 deadline for filing responsive claim construction briefs, Vantage notified Microchip of its intent to dismiss the '508 patent due to unspecified, recently-obtained information. Banner Decl. ¶ 24. The parties filed a joint motion to dismiss the '508 patent claims with prejudice, which was granted on September 30, 2020. Dkt. 54.

On September 29, 2020, Microchip contacted Vantage seeking to avoid further

unnecessary litigation. Microchip highlighted its minimal $3.1 million in sales of remaining accused products (and that the $3.1M was likely overstated). Ex O. On October 6, Vantage lowered its settlement demand to $150K. Banner Decl. ¶ 25. That same day—with an October 8 reply claim construction brief deadline looming, the parties jointly sought a two week extension of that deadline because "[t]he Parties are discussing the possibility of settlement and are hopeful that an agreement can be achieved." Dkt. 55 at 1. The Court granted the request, extending the deadline to October 22. Oct. 8, 2020, ECF Text Order. On October 19, the parties met regarding settlement. Microchip (1) noted it was investigating whether Vantage had standing at the time it initiated this lawsuit, (2) rejected Vantage's $150K demand, and (3) counter-offered with a walk-away, with each party to bear its own costs and fees. Banner Decl. ¶ 26. The next day, on October 20, Vantage reduced its demand to $75K. Banner Decl. ¶ 27. Due to the parties' inability to agree on terms, Microchip informed Vantage that it felt compelled to meet the extended October 22 reply claim construction brief deadline. Ex. P.

The parties completed claim construction briefing on October 22. On October 27, Vantage revised its settlement offer to a $0/$150K hi-low offer contingent on a yet-to-be-made challenge to Vantage's standing. Microchip immediately rejected that offer and reiterated its earlier walk-away offer, requesting "confirmation that Vantage will dismiss this case before the parties and the Court invest additional resources in preparing for and conducting the upcoming November 5, 2020 *Markman* hearing." *See* Ex. C. Microchip additionally provided "notice of Microchip's intent to seek attorney fees under 35 USC § 285 if Vantage continues to pursue this cause of action." *Id.* Vantage again declined Microchip's walk-away offer.

The following day, the Court emailed its preliminary claim construction rulings to the parties. Ex D. The preliminary construction, if adopted, rendered the asserted '606 patent claims

invalid. *Id.* Consequently, Microchip withdrew its walk-away offer and requested Vantage pay $30K as a modicum of its attorney fees expended defending this nuisance case. Ex. E. Vantage immediately did an about-face and demanded the parties settle on the walk-away terms previously proposed by Microchip—*i.e.*, with "each party bearing its attorney's fees and costs." Ex. F.

On November 2, Microchip declined Vantage's walk-away offer because the "[t]he parties have already invested considerable resources drafting claim construction briefs and the Court has done the same in reviewing the briefing and issuing its preliminary claim construction rulings…." Ex. G. Microchip proposed avoiding the expense of a *Markman* hearing by requesting the Court enter the preliminary claim constructions in a formal claim construction order. *Id.* Microchip also revised its offer to settle the case, asking for $15K to cover some of its fees. *Id.*

Vantage actively sought to avoid entry of the Court's adverse preliminary claim construction ruling. On November 3, Vantage argued "[t]here is no basis for either party to adopt these 'preliminary' constructions as final without oral argument" and at the same time suggested the parties notify the court "immediately" that the *Markman* hearing "should be removed from the Court's calendar." Ex. H. Microchip declined Vantage's walk-away offer and explained "Microchip now has a vested interest in completing the claim construction process that Vantage forced it to pursue." Ex. I. Microchip reconfirmed "Microchip is amenable to letting the Court decide the Markman issues without oral argument," if Vantage desired to avoid the *Markman* hearing. *Id*.

On November 4—one day before the *Markman* hearing—Vantage contacted the Court's clerk to cancel the hearing. Vantage's counsel represented that it had "met and conferred" with Microchip and "both parties agreed that the upcoming *Markman* hearing currently scheduled for tomorrow (November 5, 2020) be canceled." Ex. J. **There was no such agreement and Vantage**

***did not confer with Microchip before making its unilateral request to the Court.*** Banner Decl. ¶ 28. Shortly thereafter, the Court canceled the *Markman* hearing. Dkt. 60. Microchip's counsel promptly contacted the Court to correct Vantage's misstatements and clarify that Microchip's agreement to cancel the *Markman* hearing was predicated on the parties agreeing to the Court adopting the preliminary claim constructions. Ex. K. Only after the Court requested clarification did Vantage indicate that it was "amenable to the Court issuing its claim constructions without oral arguments." Ex L.

The Court entered its Claim Construction Order on November 4. Dkt. 61. On November 5, Vantage moved to dismiss with prejudice all claims asserted against Microchip. Dkt. 62. The Court granted Vantage's unopposed motion. Dkt. 63. Microchip filed an unopposed motion for entry of final judgment of invalidity of claims 4–15 of the '606 patent. Dkt. 65. The motion explicitly stated that each party "reserves its right to appeal the Court's Claim Construction Order ***and to seek fees and costs arising from this case***." *Id.* at 1 (emphasis added). The Court granted the motion and entered final judgment on November 12. Dkt. 66. The parties thereafter filed a joint motion to extend the deadline for filing fees motions to December 3, 2020. Dkt. 69.

### III.   LEGAL STANDARD

In patent cases, a district court may award reasonable attorney fees to the prevailing party in exceptional cases. 35 U.S.C. § 285. To be entitled to an award under § 285, the prevailing party must prove the case is "exceptional" by a preponderance of the evidence. *Octane Fitness*, 572 U.S. at 554. An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. These circumstances include motivation,

objective unreasonableness, and considerations of compensation and deterrence. *See id*. at n.6.

## IV. ARGUMENT

### A. Vantage Litigated This Case in an Unreasonable Manner

An "exceptional" case may be based on "the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. "[A] district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555. This is that rare case.

First, Vantage made unreasonable settlement demands in view of the potential damages. Vantage learned in July 2020 that during the entire six-year damages window Microchip sold only $3.1 million worth of products Vantage specifically accused of infringing. Ex. B. That number never changed, and Vantage conceded after receiving an adverse preliminary claim construction ruling that "the underlying economics, ***including potential damages***, no longer made sense for this litigation to continue." Ex. H. Had Vantage been reasonable and come to that conclusion in July when Microchip provided the sales information, Microchip would not have spent over $260K in legal fees. Instead, Vantage did not decrease its initial $1.25 million demand until October 6, after it voluntarily dismissed the '508 patent from the case. Banner Decl. ¶ 24. Vantage's subsequent reduced demands of $150,000 and $75,000 were unreasonable in light of the mere $3.1 million in sales, which Vantage's counsel conceded was not worth litigating. Banner Decl. ¶¶ 24, 26; Ex. H. Vantage's unreasonable and unsupported settlement demands are indicative of Vantage's careless and unreasonable litigation conduct. Indeed, Vantage's refusal to agree to a walk-away after the '508 patent was dismissed resulted in Microchip having to spend an additional $29,265 in attorney fees. Banner Decl. ¶¶ 29, 21.

Second, Vantage demonstrated a careless disregard for Microchip's expenses by routinely delaying notice of changed litigation positions. For example, Vantage requested—and at the last

6

minute cancelled—the deposition of Microchip's technical expert. Banner Decl. ¶ 30. Microchip was charged $6,753 for attorney fees and $1,925 in expert witness fees related to preparing for this cancelled deposition. *Id.* Similarly, Vantage waited until two days before the responsive claim construction brief deadline (after Microchip had worked on initial drafts of the brief) to tell Microchip that Vantage planned to dismiss the '508 patent.

Third, Vantage omitted key facts from a unilateral communication to the Court attempting to cancel the *Markman* hearing and avoid a ruling on the merits. Vantage emailed the clerk of the Court to cancel the hearing one day before it was scheduled to occur, representing the parties had "met and conferred" and were in agreement that the hearing be canceled:

> Plaintiff Vantage Micro LLC ("Vantage Micro") has met and conferred with Defendant Microchip Technology Inc. ("Microchip") on November 2 and November 3, 2020, during which both parties agreed that the upcoming Markman hearing currently scheduled for tomorrow (November 5, 2020) be canceled. In view of the parties' agreement, Vantage Micro requests that the parties' Markman hearing be taken off the Court's calendar.

Ex. J. There was no such agreement. And Vantage did not confer with Microchip before making its request to cancel the hearing. Banner Decl. ¶ 28. Rather, on November 2 Microchip made clear it would agree to cancel the *Markman* hearing only if the parties requested entry of a claim construction order memorializing the preliminary constructions:

> To avoid the expense of a *Markman* hearing, Microchip proposes the parties request the Court cancel the upcoming hearing **and memorialize the preliminary claim constructions in a formal claim construction order**. This case will then be amenable to disposition on the merits . . . .

Ex. G (emphasis added). The next day, Microchip repeated this offer:

> As I stated in my November 2 letter, if Vantage desires to avoid the expense of the Markman hearing, Microchip is amenable to letting the Court decide the Markman issues without oral argument.

Ex. I. Yet Vantage's email to the Court failed to (1) mention Microchip's precondition for canceling the *Markman* hearing or (2) request the preliminary claim construction be entered as a

7

formal claim construction order. Vantage's misrepresentation by omission caused Microchip to incur $525 in additional legal fees to correct the misstatement and clarify the parties' agreement to the Court. Banner Decl. ¶ 31. Only after Microchip corrected Vantage's misrepresentation did Vantage agree to entry of a claim construction order adopting the Court's preliminary claim constructions. Ex. L.

Vantage's misrepresentation to the Court is a basis for attorney fees. For example, in *My Health*, the court considered plaintiff's misrepresentation to the Court as a circumstance that rendered the case exceptional. *See My Health*, 2017 WL 6512221, at *6. Counsel "represented to the Federal Circuit that the parties had met and conferred, agreed to dismiss the appeal, and agreed that each side would bear their own costs," facts the court concluded "appear[ed] to have been untrue." *Id.* Similar to the plaintiff in *My Health*, Vantage misrepresented the parties' agreement to the Court. Consequently, a finding this case is exceptional is warranted. *Id.*

Finally, Vantage sought to delay and prevent Microchip from filing its meritorious motion for attorney fees by repeatedly threatening to seek fees of its own if Microchip proceeded with this motion. On three separate occasions, Vantage threatened Rule 11 sanctions if Microchip filed a fees motion. Ex. Q; Banner Decl. ¶ 32; Ex. M. Vantage's "unsupported threats of sanctions are the kind of conduct that courts should properly consider when evaluating whether attorneys' fees should be awarded pursuant to 35 U.S.C. § 285." *Motiva*, 408 F. Supp. 3d at 839.

### B. Vantage Filed Lawsuits to Force Nuisance Settlements with No Intention of Testing the Merits of Its Baseless Claims

"[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *SFA Sys.*, 793 F.3d at 1350. On October 7–8, 2020, Vantage filed nine patent infringement lawsuits alleging

infringement of one or both of the patents asserted against Microchip. Vantage's suits were filed just weeks before both patents expired. Most of these lawsuits settled shortly after the pleadings closed and none reached a merits determination. These facts support "the conclusion that [Vantage] was filing lawsuits 'for the sole purpose of forcing settlements, with no intention of testing the merits of [the] claims.'" *See My Health*, 2017 WL 6512221, at *5.

In addition, Vantage actively sought to avoid an adverse ruling on the merits here. When the Court emailed preliminary claim construction rulings that invalidated all remaining claims, Vantage dropped its monetary demand and demanded Microchip agree to a walk-away with each party bearing its own costs and fees. Ex. H. Vantage requested the parties cancel the *Markman* hearing and opposed entry of a claim construction order that would invalidate its patent. *Id.* Vantage's misrepresentation to the Court (discussed above) furthered its goal of avoiding entry of a decision on the merits.

Further, Vantage made nuisance value settlement offers: (1) $150K after dismissing the '508 patent with prejudice, and (2) $75K days before the reply claim construction brief deadline. Banner Decl. ¶¶ 24, 26. Decreasing settlement demands in advance of case deadlines for amounts far less than the anticipated cost of defense support a finding that this case is exceptional. *See Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 915–16 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 2765 (2020) (finding decreasing settlement demands less than the anticipated cost of defense supported an "exceptional" case determination).

C. **Vantage Failed to Conduct an Adequate Pre-suit Investigation**

Vantage failed to perform an adequate pre-suit investigation. *See Bayer*, 851 F.3d at 1307 ("pre-suit diligence [is] a factor in the [§ 285] totality-of-the-circumstance approach"); *see also Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1356 (Fed. Cir. 2019) (an inadequate pre-suit investigation supports an exceptional-case determination). For example, Vantage's Amended

9

Complaint and infringement contentions for the '606 Patent asserted infringement by the "ADV7611" product made by an unrelated third-party, Analog Devices. *See* Dkt. 16 ¶ 22; Ex. A at 4. Vantage's Amended Complaint and contentions also allege infringement by numerous Microchip products that lacked support for the very feature Vantage relied on for its infringement allegations (*i.e.*, a hot plug detect (HPD) pin). *See* Dkt. 16 ¶ 22. Importantly, the absence of the alleged infringing feature was readily available from Microchip's publicly available datasheets. While it should have been obvious and automatic for Vantage to drop allegations (1) against another company's product and (2) against products that do not have the allegedly infringing feature, Vantage refused for more than a month to drop these products from the case. Indeed, it took several letters and telephone conversations spanning over a month before Vantage finally agreed to drop these products from its contentions. *See* Ex. N. Microchip was charged $13,407 for attorney fees related to this dispute. Banner Decl. ¶¶ 34, 21.

A cursory pre-suit investigation would have uncovered these flaws in Vantage's infringement positions. Vantage's carelessness confirms a lack of pre-suit investigation and supports an award of fees. *See Bayer*, 851 F.3d at 1307; *see also WPEM, LLC v. SOTI Inc.*, 2020 WL 555545, at *3 (E.D. Tex. Feb. 4, 2020) ("Having failed to conduct a pre-filing investigation, the Court finds that WPEM has unreasonably subjected SOTI to the costs of litigation and should properly bear its attorneys' fees.").

**V.      CONCLUSION**

For the foregoing reasons, Microchip requests the Court deem this case "exceptional" and award attorney fees in the amount the Court deems reasonable under these circumstances.

Dated: December 3, 2020	Respectfully submitted,

	*/s/ Brian C. Banner*
	Brian C. Banner (TX Bar No. 24059416)
	bbanner@sgbfirm.com
	Darryl J. Adams (TX Bar No. 00796101)
	dadams@sgbfirm.com
	Truman H. Fenton (TX Bar No. 24059742)
	tfenton@sgbfirm.com
	SLAYDEN GRUBERT BEARD PLLC
	401 Congress Ave., Suite 1650
	Austin, TX 78701
	tel: 512.402.3550
	fax: 512.402.6865
	*Attorneys for Defendant*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(j)(1), I hereby certify that Counsel for the parties met and conferred for the purpose of resolving all disputed issues relating to attorney's fees prior to filing this motion for fees. No agreement was reached, as Plaintiff Vantage (1) denied that its litigation conduct has been unreasonable or "exceptional," and (2) generally indicated it believed this motion is frivolous.

           */s/ Brian C. Banner*
           Brian C. Banner
           *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

           */s/ Brian C. Banner*
           Brian C. Banner
           *Attorney for Defendant*